IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR ABEDGADER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:14-cv-0553 |
| v. ) | |
| ) | Judge |
| OFFICERS SEAN HEILIG, MICHAEL ) | |
| McNEELA, GLENN BROTHEN, ) | Magistrate Judge |
| MICHAEL SIKORSKI, and THOMAS ) | |
| NELSON, and the VILLAGE OF OAK ) | JURY DEMAND |
| LAWN, a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, OMAR ABEDGADER, by and through his attorney, Ronak Maisuria, complaining against the Defendants, OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON (collectively "Defendant Officers"), individually, and the VILLAGE OF OAK LAWN, a municipal corporation, as follows:

### INTRODUCTION

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) The Plaintiff, OMAR ABEDGADER, is a resident of Tinley Park, Illinois.

5) The Defendants, OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON were at all relevant times duly appointed police officers of the Defendant, VILLAGE OF OAK LAWN, and at all relevant times were acting within their scope of employment and under color of law.

6) Defendant VILLAGE OF OAK LAWN is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant officers.

## FACTS

7) On or about September 30, 2012, the Plaintiff was arrested by the Defendant Officers at or about 11800 S. Ridgeland Ave in Cook County, Illinois.

8) Plaintiff was arrested by the Defendants for felony possession of a field of live cannabis that was growing in the forest preserve. Plaintiff ultimately pled guilty to a misdemeanor charge.

9) At no time during his arrest did Plaintiff resist the Defendant Officers or take any action to interfere with or obstruct the Defendant Officers as they were placing him in custody.

10) At no time during his arrest did Plaintiff attempt to flee from the Defendant Officers or evade arrest.

11) At all relevant times, the Plaintiff complied with the Defendant Officers instructions and commands.

12) Despite Plaintiff's compliance during his arrest, the Defendant Officers repeatedly struck Plaintiff about the head and body after he was placed in handcuffs.

13) One or more of the Defendant Officers placed his foot on Plaintiff's left ear using his full body weight.

14) Each of the Defendant Officers was present during the fellow police officers, yet failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

15) As a result of the Defendant Officers' actions, Plaintiff was injured and now suffers from a facial twitch.

16) Though Plaintiff requested medical attention for his injuries while in custody, the Defendant Officers ignored Plaintiff's requests and failed to provide him with medical attention or treatment despite their knowledge that Plaintiff had sustained serious injuries.

## COUNT I—EXCESSIVE FORCE

17) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

18) The actions of the Defendants as set forth hereto constitute excessive force against Plaintiff, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

19) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

20) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

21) As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff, OMAR ABEDGADER, suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, and pain and suffering.

**WHEREFORE**, the Plaintiff, OMAR ABEDGADER, prays for judgment against Defendants OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II—FAILURE TO INTERVENE

22) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

23) Each of the Defendant Officers was present during the use of force by his fellow police officers, yet failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

24) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

25) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

26) As a direct and proximate cause of the conduct of the Defendant Officers, Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, and pain and suffering.

**WHEREFORE**, the Plaintiff, OMAR ABEDGADER, prays for judgment against Defendants OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

**COUNT III—DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

27) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

28) As set forth hereto, the Defendant Officers were deliberately indifferent to Plaintiff's serious medical needs in that they had actual knowledge of Plaintiff's medical needs, but consciously and deliberately disregarded these needs by failing to take reasonable measures to address them.

29) During the incident and while in the custody and care of the Defendant Officers, though Plaintiff was in visible distress and in need of immediate medical attention, the Defendant Officers failed to take the necessary action to procure or provide Plaintiff with the necessary treatment.

30) Said actions of the Defendant Officers were done willfully and wantonly and committed with reckless disregard for Plaintiff's rights.

31) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

32) As a direct and proximate result of the deliberate indifference by the Defendant Officers, Plaintiff suffered damages, including without limitations violations of his constitutional rights, emotional anxiety, fear, and pain and suffering.

   **WHEREFORE**, the Plaintiff, OMAR ABEDGADER, prays for judgment against Defendants OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT IV—STATE LAW BATTERY

33) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

34) As set forth hereto and without the consent of Plaintiff, the Defendant Officers offensively touched Plaintiff by intentionally, with malice, and without justification striking him repeatedly about the head and body.

35) As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered bodily harm.

   **WHEREFORE**, the Plaintiff, OMAR ABEDGADER, prays for judgment against Defendants OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT V—INDEMNIFICATION

36) Each of the paragraphs above is incorporated by reference as though fully stated herein.

37) At all relevant times, Defendant VILLAGE OF OAK LAWN was the employer of the Defendant Officers.

5

38) The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the VILLAGE OF OAK LAWN.

39) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40) As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

WHEREFORE, should one or more of Defendants OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant VILLAGE OF OAK LAWN be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT VI—*RESPONDEAT SUPERIOR*

41) Each of the paragraphs above is incorporated by reference as though fully stated herein.

42) In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

43) Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, should one or more of Defendants OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant VILLAGE OF OAK LAWN be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as attorneys' fees and costs awarded.

**JURY DEMAND**

The Plaintiff, OMAR ABEDGADER, requests a trial by jury.

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

                                                  Respectfully submitted,

                                                  /s/ Ronak Maisuria
                                                  /s/ Jon F. Erickson
                                                  /s/ Michael D. Oppenheimer

Erickson & Oppenheimer, Ltd.
118 S. Clinton, Suite 200
Chicago, IL 60661
312-327-3370