**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR ABEDGADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 cv 553 |
| | ) | |
| OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHERN, MICHAEL SIKORSKI, and THOMAS NELSON, and the VILLAGE OF OAK LAWN, a municipal corporation, | ) | Honorable Judge Andrea R. Wood |
| | ) | |
| Defendants. | | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES, Defendants, OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHERN, MICHAEL SIKORSKI, and THOMAS NELSON, and the VILLAGE OF OAK LAWN, a municipal corporation, by and through their attorneys, PETERSON, JOHNSON & MURRAY, LLC, and for their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**INTRODUCTION**

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiffs rights under the Constitution of the United States.

**ANSWER: Defendants admit that this matter was brought pursuant to 42 U.S.C. §1983, but deny that there were any deprivations of Plaintiff's constitutional rights.**

**JURISDICTION**

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER: Defendants admit that this Court has jurisdiction over Plaintiff's claims.**

**VENUE**

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

**4) ANSWER: Defendants admit that venue is proper.**

**THE PARTIES**

5) The Plaintiff, OMAR ABEDGADER, is a resident of Tinley Park, Illinois.

**ANSWER: Defendants lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 5.**

6) The Defendants, OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHEN, MICHAEL SIKORSKI, and THOMAS NELSON were at all relevant times duly appointed police officers of the Defendant, VILLAGE OF OAK LAWN, and at all relevant times were acting within their scope of employment and under color of law.

**ANSWER: Defendants admit the allegation contained in Paragraph 6.**

7) Defendant VILLAGE OF OAK LAWN is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant officers.

**ANSWER: Defendants admit the allegation contained in Paragraph 7.**

**FACTS**

8) On or about September 30, 2012, the Plaintiff was arrested by the Defendant Officers at or about 11800 S. Ridgeland Ave in Cook County, Illinois.

**ANSWER: Defendants admit the allegation contained in Paragraph 8.**

9) Plaintiff was arrested by the Defendants for felony possession of a field of live cannabis that was growing in the forest preserve. Plaintiff ultimately pled guilty to a misdemeanor charge.

**ANSWER: Defendants admit the allegation contained in Paragraph 9.**

10) At no time during his arrest did Plaintiff resist the Defendant Officers or take any action to interfere with or obstruct the Defendant Officers as they were placing him in custody.

**ANSWER: Defendants deny the allegation contained in Paragraph 10.**

11) At no time during his arrest did Plaintiff attempt to flee from the Defendant Officers or evade arrest.

**ANSWER: Defendants deny the allegation contained in Paragraph 11.**

12) At all relevant times, the Plaintiff complied with the Defendant Officers instructions and commands.

**ANSWER: Defendants deny the allegation contained in Paragraph 12.**

13) Despite Plaintiffs compliance during his arrest, the Defendant Officers repeatedly struck Plaintiff about the head and body after he was placed in handcuffs.

**ANSWER: Defendants deny the allegation contained in Paragraph 13.**

14) One or more of the Defendant Officers placed his foot on Plaintiff's left ear using his full body weight.

**ANSWER: Defendants deny the allegation contained in Paragraph 14.**

15) Each of the Defendant Officers was present during the use of force by his fellow police officers, yet failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

**ANSWER: Defendants deny the allegation contained in Paragraph 15.**

16) As a result of the Defendant Officers' actions, Plaintiff was injured and now suffers from a facial twitch.

**ANSWER: Defendants deny the allegation contained in Paragraph 16.**

17) Though Plaintiff requested medical attention for his injuries while in custody, the Defendant Officers ignored Plaintiffs requests and failed to provide him with medical attention or treatment despite their knowledge that Plaintiff had sustained serious injuries.

**ANSWER: Defendants deny the allegation contained in Paragraph 17.**

## COUNT I – EXCESSIVE FORCE

18) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants restate their answers to all previous paragraphs as set forth fully herein.**

19) The actions of the Defendants as set forth hereto constitute excessive force against Plaintiff, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

**ANSWER: Defendants deny the allegation contained in Paragraph 19.**

20) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiffs rights.

**ANSWER: Defendants deny the allegation contained in Paragraph 20.**

21) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

**ANSWER: Defendants deny the allegation contained in Paragraph 21.**

22) As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff, OMAR ABEDGADER, suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, and pain and suffering.

**ANSWER: Defendants deny the allegation contained in Paragraph 22.**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff, for costs and attorney's fees incurred while defending this matter, and for any other relief that this Court deems necessary and just.

## COUNT II – FAILURE TO INTERVENE

23) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants restate their answers to all previous paragraphs as set forth fully herein.**

24) Each of the Defendant Officers was present during the use of force by his fellow police officers, yet failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

**ANSWER: Defendants deny the allegation contained in Paragraph 24.**

25) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiffs rights.

**ANSWER: Defendants deny the allegation contained in Paragraph 25.**

26) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

**ANSWER: Defendants deny the allegation contained in Paragraph 26.**

27) As a direct and proximate cause of the conduct of the Defendant Officers, Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, and pain and suffering.

**ANSWER: Defendants deny the allegation contained in Paragraph 27.**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff, for costs and attorney's fees incurred while defending this matter, and for any other relief that this Court deems necessary and just.

**COUNT III – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

28) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants restate their answers to all previous paragraphs as set forth fully herein.**

29) As set forth hereto, the Defendant Officers were deliberately indifferent to Plaintiff's serious medical needs in that they had actual knowledge of Plaintiff's medical needs, but consciously and deliberately disregarded these needs by failing to take reasonable measures to address them.

**ANSWER: Defendants deny the allegation contained in Paragraph 29.**

30) During the incident and while in the custody and care of the Defendant Officers, though Plaintiff was in visible distress and in need of immediate medical attention, the Defendant Officers failed to take the necessary action to procure or provide Plaintiff with the necessary treatment.

**ANSWER: Defendants deny the allegation contained in Paragraph 30.**

31) Said actions of the Defendants Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiffs rights.

**ANSWER: Defendants deny the allegation contained in Paragraph 31.**

32) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

**ANSWER: Defendants deny the allegation contained in Paragraph 32.**

33) As a direct and proximate result of the deliberate indifference by the Defendant Officers, Plaintiff suffered damages, including without limitations violations of his constitutional rights, emotional anxiety, fear, and pain and suffering.

**ANSWER: Defendants deny the allegation contained in Paragraph 33.**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff, for costs and attorney's fees incurred while defending this matter, and for any other relief that this Court deems necessary and just.

**COUNT IV – STATE LAW BATTERY**

**This matter is subject to Defendants' motion to dismiss, therefore, Defendants provide no answers hereto.**

34) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER:**

35) As set forth hereto and without the consent of Plaintiff, the Defendant Officers offensively touched Plaintiff by intentionally, with malice, and without justification striking him repeatedly about the head and body.

**ANSWER:**

36) As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered bodily harm.

**ANSWER:**

**COUNT V – INDEMNIFICATION**

37) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants restate their answers to all previous paragraphs as set forth fully herein.**

38) At all relevant times, Defendant VILLAGE OF OAK LAWN was the employer of the Defendant Officers.

**ANSWER: Defendants admit the allegation contained in Paragraph 38.**

39) The Defendant officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the VILLAGE OF OAK LAWN.

**ANSWER: Defendants admit that they were acting within the scope of their employment, but deny the remaining allegation contained in Paragraph 39.**

40) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendants admit the allegation contained in Paragraph 40.**

41) As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**ANSWER: Defendants deny the allegation contained in Paragraph 41.**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff, for costs and attorney’s fees incurred while defending this matter, and for any other relief that this Court deems necessary and just.

**COUNT VI – *RESPONDEAT SUPERIOR***

42) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants restate their answers to all previous paragraphs as set forth fully herein.**

43) In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Chicago [sic] and were acting at all relevant times within the scope of their employment and under color of law.

**ANSWER: Defendants deny the allegation contained in Paragraph 43.**

44) Defendant City of Chicago [sic] is liable as principal for all torts committed by its agents.

**ANSWER: Defendants deny the allegation contained in Paragraph 44.**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff, for costs and attorney's fees incurred while defending this matter, and for any other relief that this Court deems necessary and just.

**AFFIRMATIVE DEFENSES**

1. Defendants are government officials, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable person, objectively viewing facts and circumstances, then confronting Defendants during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within the Constitutional limits that were clearly established at the time. Defendants, therefore, are entitled to qualified immunity.

2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Defendants are not liable for any of such claims alleged because the Defendants' actions with

respect to Plaintiff were based upon the information and circumstances known to Defendants at the time and were discretionary for which they are immune from liability. 745 ILCS 10/2-201.

3. As to any State law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-2004.

4. Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff, which was the proximate cause of these injuries.

5. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 was in effect and reduces Plaintiff's recovery according to his contributory negligence, and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

6. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate and commensurate with the degree of failure to mitigate attributed damages to the Plaintiff by the jury in this case.

**JURY DEMAND**

Defendants demand trial by jury.

Respectfully Submitted,
OFFICERS SEAN HEILIG, MICHAEL McNEELA, GLENN BROTHERN, MICHAEL

SIKORSKI, and THOMAS NELSON, and the VILLAGE OF OAK LAWN, a municipal corporation,

By:  s/ Dominick Lanzito

Attorney for Defendants


Paul O'Grady
Dominick Lanzito
PETERSON, JOHNSON & MURRAY
233 South Wacker Drive, 84th Floor
Chicago, IL 60606
(312) 782-7150
pogrady@pjmlaw.com
dlanzito@pjmlaw.com